# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02992-WJM-STV

DETROIT STREET PARTNERS INC. and BIRCHWOOD RESOURCES INC., Plaintiffs.

v.

JAMES A. LUSTIG, JAL VENTURES CORPORATION, CLFS EQUITIES, LLLP, UNITED CAPITAL MANAGEMENT, INC., GLOBAL CAP LIMITED, INC., BRANDON PERRY, ULTIMATE VENTURES, INC., JONATHAN MARSICO, HAVEN CAPITAL VENTURES INC., BRETT PERRY, PINEHURST CAPITAL, INC., WILLIAM SANDLER, RANCHO HOLDINGS, LLC, ANDREW HARRISON, JZ CAPITAL, LLC, SAMUEL ZAITZ, SMM INVESTMENTS, INC., STEWART "SKIP" MILLER, ARROWHEAD INVESTMENTS, INC., STEVE SHOFLICK, ALTERMAN HARRISON INVESTMENTS, INC., BENNETT PAUL "BUZZ" ALTERMAN, ALLIED FUNDING, INC., RIO NORTE CAPITAL, INC., KEN LANDE, MESA INVESTMENT PARTNERS, LLC, TODD J. EBERSTEIN, JMC CAPITAL, INC., JAKE COHEN, PEAK CAPITAL PARTNERS INC., RICKI REST, JAF HOLDINGS INC., JAN FALBER, PREAKNESS CAPITAL MANAGEMENT INC., and WILLIAM HALL, Defendants.

Civil Action No. 18-cv-00190-KLM

DETROIT STREET PARTNERS INC. and BIRCHWOOD RESOURCES INC., Plaintiffs,

v.

JAMES A. LUSTIG, JAL VENTURES CORPORATION, CLFS EQUITIES, LLLP, UNITED CAPITAL MANAGEMENT, INC., GLOBAL CAP LIMITED, INC., BRANDON PERRY, ULTIMATE VENTURES, INC., JONATHAN MARSICO, HAVEN CAPITAL VENTURES INC., BRETT PERRY, PINEHURST CAPITAL, INC., WILLIAM SANDLER, RANCHO HOLDINGS, LLC, ANDREW HARRISON, JZ CAPITAL, LLC, SAMUEL ZAITZ, SMM INVESTMENTS, INC., STEWART "SKIP" MILLER, ARROWHEAD INVESTMENTS, INC., STEVE SHOFLICK, ALTERMAN HARRISON INVESTMENTS, INC., BENNETT PAUL "BUZZ" ALTERMAN, ALLIED FUNDING, INC., RIO NORTE CAPITAL, INC., KEN LANDE, MESA INVESTMENT PARTNERS, LLC, TODD J. EBERSTEIN, JMC CAPITAL, INC., JORDAN COHEN, PEAK CAPITAL PARTNERS INC., RICKI REST, JAF HOLDINGS INC., JAN FALBER, PREAKNESS CAPITAL MANAGEMENT INC., WILLIAM HALL, DAVIS FAMILY OFFICE, INC., NANCY DAVIS, DTA CAPITAL INC., RONALD STEPHEN VLOSICH, FLAMINGO GROUP, INC., DANNY PEPPER, IRVING INVESTORS INCOME FUND LLC, IRVING INVESTORS PRIVATES, LLC, IRVING INVESTORS REAL ESTATE FUND I, LLC, JEREMY ABELSON, LION GATE CAPITAL, INC., KENNETH RICKEL, MACK INVESTOR GROUP, INC., AARON WOLK, MSM CAPITAL MANAGEMENT, INC., MIA ABELSON, PRUDENT CAPITAL LLC, JOHN GOLDENBERG, QUANDARY CAPITAL INC., MELISSA MACKIERNAN, ROCK SPRINGS INVESTMENTS LLC, AND JONATHAN VINNIK, Defendants.

**DEFENDANTS JAMES A. LUSTIG, JAL VENTURES CORPORATION, CLFS
EQUITIES, LLLP, AND UNITED CAPITAL MANAGEMENT, INC.'S REPLY IN
SUPPORT OF MOTION TO CONSOLIDATE RELATED ACTIONS AND TO
DETERMINE THAT PLAINTIFFS MAY ONLY AMEND WITH LEAVE OF COURT**

Defendants James A. Lustig, JAL Ventures Corporation, CLFS Equities, LLLP, and
United Capital Management, Inc. (the "JAL Defendants"), by and through their attorneys,
respectfully submit this reply to Plaintiffs' Opposition to the JAL Defendants' Motion.

Despite agreeing to a full consolidation of the First Berlin Action and the Second Berlin
Action[1] when conferring with counsel for the JAL Defendants, Plaintiffs backpedal from that
agreement in their Opposition, claiming they support only a consolidation of the Actions for
"pre-trial purposes[], including discovery."  Opposition at 6, No. 17-cv-02992-WJM-STV, ECF
No. 45.[2]  Contrary to Plaintiffs' shifted stance, a full consolidation of the First and Second Berlin
Actions for all further purposes is appropriate because the nearly identical actions share common
issues of law and fact, because no prejudice will ensue, and because consolidation furthers the
goals of judicial economy and conserving the parties' resources.  *See* Fed. R. Civ. P. 42(a);
*Atwell v. Gabow*, No. 06-CV-02262, 2007 WL 2993854, at *1 (D. Colo. Oct. 10, 2007); *Gillette
Motor Transp., Inc. v. N. Okl. Butane Co.,* 179 F.2d 711, 712 (10th Cir. 1950).

Plaintiffs also have continued their procedural gamesmanship in the parallel Actions even
after the JAL Defendants filed their initial motion for an order deeming Plaintiffs' withdrawn
and separately re-filed amended complaint to constitute their one amendment as of right.

---

[1]    The JAL Defendants refer to Civil Action No. 17-cv-02992-WJM-STV as "the First
Berlin Action" and to Civil Action No. 18-cv-00190-KLM as "the Second Berlin
Action."

[2]    Counsel for the JAL Defendants only learned of Plaintiffs' new limited position
regarding consolidation upon reviewing Plaintiffs' Opposition filed on February 23,
2018.  Prior to filing the Opposition, counsel for the parties never conferred regarding the
issue of limited "consolidation solely for pre-trial purposes."  Opposition at 1.

Plaintiffs have now filed two amended complaints in two separate, factually indistinguishable actions that allege the exact same scheme against the same defendants, and purport that these inextricably intertwined actions nevertheless have "separate identities." In truth, Plaintiffs are attempting to triple their unilateral expansion of procedural rights by filing multiple, unexplained amendments in these corresponding actions without leave of the court. In their Opposition, Plaintiffs unabashedly argue that because "Plaintiffs have now filed amended complaints as of right in both actions, the remedy the JAL Defendants request (i.e., finding that Plaintiffs have already used their permitted amendments as of right) is moot." Opposition at 2. Not only do Plaintiffs' duplicative and multiple amended complaints inhibit the orderly and efficient administration of this case, but Plaintiffs' brazenly circular logic makes clear that the JAL Defendants' request for an order was and remains necessary to cabin Plaintiffs' maneuvers. Defendants respectfully reiterate their request that Plaintiffs' withdrawn and later re-filed complaint in the first-filed action be deemed Plaintiffs' one amendment as of right in the consolidated action, and request that Plaintiffs' subsequent amended complaints in both Actions be stricken, with any further amendments in a consolidated action to be filed only upon leave of the Court.

## ARGUMENT

**I.    CONSOLIDATION OF THE BERLIN ACTIONS FOR ALL FURTHER PURPOSES IS APPROPRIATE BECAUSE THE ACTIONS ARE EFFECTIVELY IDENTICAL AND NO PREJUDICE WILL RESULT**

Despite Plaintiffs' attempt to limit consolidation of the First Berlin Action and the Second Berlin Action "solely for pre-trial purposes," the Court should consolidate the Actions under a single case number for all further purposes, without prejudice to any party to move for separate trials in the future as appropriate.

Where two actions involve common questions of fact and law and risk of confusion is

minimal, the court may consolidate the actions in their entirety.  *See Atwell*, 2007 WL 2993854, at *1 (consolidating actions "in their entirety" without prejudice to any party to move for separate trials as appropriate where two actions "both seek to assert race and ethnicity-based employment discrimination actions on behalf of overlapping plaintiff classes for the actions of the same [defendants] during the same period of time"); *Leprino Foods Co. v. DCI, Inc.,* No. 13-CV-02430, 2015 WL 134235, at *3 (D. Colo. Jan. 9, 2015) (consolidating actions "for all purposes and future filings" given "significant overlap" and because "risk of confusion [to the jury at trial] is minimal"); *see also Owens v. Office of Dist. Att'y for Eighteenth Jud. Dist.,* No. 12-CV-01993, 2012 WL 3638927, at *1 (D. Colo. Aug. 23, 2012) (ordering consolidation "for all further purposes" where "two cases involve[d] common questions of law and fact").

Here, in both Actions, Plaintiffs allege the same causes of action arising under the same state and federal laws against the same 34 sundry entities and individuals related to the same alleged "IPO Market Manipulation" scheme.  *See* First Berlin Action Compl. ¶¶ 1-10, 14-32, 58-81, 85-164; Second Berlin Action Compl. ¶¶ 1-12, 16-34, 70-94, 110-189.  Plaintiffs' strained attempts in their Opposition to characterize the two actions as having "material differences [that] necessitate maintaining their separate identities" are unavailing at best.  *See* Opposition at 6-7.  Specifically, Plaintiffs contend that "defendants in the First Action operate the . . . Scheme differently due to the unique policies . . . adopted by the bank at issue in that case."  *See id.* at 6.  Plaintiffs do not, and cannot explain, however, how the fact that because some banks allegedly require a "minimum deposit" or "minimum commission threshold" but otherwise have the same policies as the other unnamed banks, necessitates the maintenance of separate actions, particularly where the existence of minimum deposits or commissions has no bearing on any of the claims set forth in Plaintiffs' multiple complaints.  *Id.* at 5-7.  Similarly, Plaintiffs contend

that "twenty defendants in the Second Action do not . . . appear to have been involved in the scheme at issue in the First Action" and that Plaintiffs' profits are different in the two actions. *Id.* at 6-7. However, Plaintiffs concede – by way of footnote – that all Defendants named in the First Berlin Action have been named in the Second Berlin Action (*see id.* at 3 n.4), and provide no explanation as to why additional parties or the amount of profits would affect the consolidated adjudication of identical claims and causes of action (*see id.* at 6-7).

Additionally, there is no reason to believe consolidation for all purposes would "risk confusion" to the parties or to a prospective jury—in fact, it will help *alleviate* the confusion already present at the early stages of this case due to Plaintiffs' multiple complaints and amendments. *See Leprino Foods Co.,* 2015 WL 134235, at *3. Indeed, Plaintiffs themselves have been confused by the multiple actions, complaints, and amendments, having admittedly incorrectly filed as an "Amended Complaint" a pleading they later moved to withdraw and file as the Second Action. *See* Opposition at 4-5 n.6. No benefit arises for the Court or any party to maintain two separate actions containing so many common issues of law and fact.

Plaintiffs rely on one case in support of their contention that consolidation should only be granted for purposes of pre-trial discovery, and that case is inapposite. In *Wells v. Smith*, 12-cv-0447, 2014 U.S. Dist. LEXIS 109693, at *8-9 (D. Colo. Aug. 7, 2014) (Martinez, J.), the Court held that consolidation of shareholder actions was only appropriate for the pre-trial stage because one action was a "demand made" case while others were "demand futile" cases, and "different legal standards" applied to the two types of cases. *Id.* Here, there is no variance in the "legal standard" applicable to both actions, which allege the exact same causes of action; the only variances between the two Actions are additional entities and individuals that purportedly participated in the alleged "IPO Market Manipulation" scheme at seven unnamed banks instead

4

of just the one.   Second Berlin Action Compl. at ¶¶ 1, 35-47, 73-106.  Due to the complete overlap of legal claims, there is no merit to Plaintiffs' contention that consolidation should be limited in any way because of these insignificant differences.

Given the absence of any significant factual or legal difference between the two actions and the absence of any prejudice to Plaintiffs, consolidation for all purposes is appropriate.  *See Atwell*, 2007 WL 2993854, at *1; *Leprino Foods Co.*, 2015 WL 134235, at *3.  This approach strikes a fair balance to all parties, brings much-needed clarity and efficiency to these proceedings, and fairly allows Plaintiffs to request separate trials in the future if appropriate.

## II.    THE COURT SHOULD STRIKE PLAINTIFFS' AMENDED COMPLAINTS AND REQUIRE PLAINTIFFS TO SEEK LEAVE OF THE COURT TO FILE ANY FURTHER AMENDMENTS

Having filed, then withdrawn, then re-filed in a new action an amended complaint that the JAL Defendants sought an order from this Court to deem their one amendment as of right, Plaintiffs filed subsequent amended complaints in both the First and Second Berlin Actions. These amended complaints should be stricken, and Plaintiffs should be required to seek leave of the Court to file any further amendments in a consolidated action.  *See Carriker v. City & Cty. of Denver, Colo.*, No. 12-CV-02365, 2013 WL 2147542, at *1 (D. Colo. May 16, 2013) (referencing the court's granting of defendants' motion to strike because "Plaintiffs failed to obtain 'Defendants' written consent or seek leave of court before filing their Second Amended complaint' pursuant to Fed. R. Civ. P. 15(a)(1)").

In their Opposition, Plaintiffs' primary objection to the JAL Defendants' initial requested order is that "[t]reating the operative complaint in the Second Action as the complaint for both actions would severely prejudice Plaintiffs by resulting in a *de facto* dismissal of their First Action."  Opposition at 7.  Plaintiffs do not elaborate on the "severe prejudice" that would result from their own procedural tactics.  *Id.*  Having now filed two further amended complaints in the

5

First Berlin Action and the Second Berlin Action, Plaintiffs additionally run afoul of the limitations on filing additional amended complaints without seeking leave of the court. *See* Fed. R. Civ. P. 15(a). Because Plaintiffs filed two substantially identical complaints in two separate actions, the Court should deem the withdrawn and re-filed initial complaint in the Second Berlin Action to constitute Plaintiffs' one amendment as of right in the consolidated action. *See Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.,* 296 F.3d 982, 990 (10th Cir. 2002) ("It is well-settled that a plaintiff may 'not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed.'") (citation omitted). And because Plaintiffs have not justified the need to amend their various complaints in either of the Actions, the Court may strike those pleadings. *See, e.g.*, *Matthews v. LaBarge, Inc.*, 407 F. App'x 277, 280 (10th Cir. 2011) (striking of plaintiff's third amended complaint was not an abuse of discretion where plaintiff made no attempt to procure either defendant's consent or the court's permission before filing it).

Plaintiffs also take great pains to differentiate the almost identical First and Second Berlin Actions, to no avail. Even a cursory glance at the four complaints that have been filed reveal that the actions are essentially the same, and even Plaintiffs can only point to a few discrete differences that are neither "material" nor support the conclusion that the cases are "distinct." Opposition at 6-7. Whether Plaintiffs intended to file a second action is irrelevant in light of the fact that Plaintiffs have now taken four bites out of the same apple. Plaintiffs offer no cogent reason to have filed two wholly identical actions instead of one, and amended complaints in both, and the effect of Plaintiffs' actions is an impermissible expansion of their procedural rights. *See, e.g.*, *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1278 (10th Cir. 2006) ("A plaintiff's obligation to bring all related claims together in the same action arises under the

common law rule of claim preclusion prohibiting the splitting of actions."); *Copello v. Boehringer Ingelheim Pharm. Inc.*, 812 F. Supp. 2d 886, 889-90 (N.D. Ill. 2011) (collecting cases "disapproving duplicative class actions," and dismissing class claims that were "materially identical" to those in a previously-filed action to "avoid[] duplicative efforts by two federal district courts and the potential for inconsistent results").

WHEREFORE, the JAL Defendants respectfully request that the Court (i) consolidate the above-captioned matters for all further purposes, but without prejudice to any party to move for separate trials as appropriate, and (ii) consider the filing of the complaint in the Second Berlin Action as Plaintiffs' one permitted amendment as of right in the consolidated action, strike Plaintiffs' amended complaints in the First Berlin Action and Second Berlin Action, and preclude further amendments without leave of the Court.

Dated:  March 8, 2018

Respectfully submitted,

s/ Saskia A. Jordan
Harold A. Haddon
Saskia A. Jordan
Pamela Robillard Mackey
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:  303.831.7364
Fax:      303.832.2628
Email:   hhaddon@hmflaw.com
             sjordan@hmflaw.com
             pmackey@hmflaw.com

Christopher J. Clark
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
Phone : 212.906.1350
Fax:      212.751.4864
Email:   chris.clark@lw.com

*Attorneys for James A. Lustig, JAL Ventures
Corporation, CLFS Equities, LLLP, and United
Capital Management, Inc.*

## CERTIFICATE OF SERVICE

I certify that on March 8, 2018, I electronically filed the foregoing *Defendants James A.
Lustig, JAL Ventures Corporation, CLFS Equities, LLLP, and United Capital Management,
Inc.'s Reply in Support of Motion to Consolidate Related Actions and to Determine that
Plaintiffs May Only Amend with Leave of Court* with the Clerk of Court using the CM/ECF
system, which will send notification of the filing to all parties of record.


*s/ Nicole Simmons*