**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-2992-WJM-STV
*Consolidated with Civil Action No. 18-cv-0190-WJM-STV*

DETROIT STREET PARTNERS, INC. and
BIRCHWOOD RESOURCES INC.,

      Plaintiffs,

v.

JAMES A. LUSTIG, *et al.*,

      Defendants.

      and

DETROIT STREET PARTNERS, INC. and
BIRCHWOOD RESOURCES INC.,

      Plaintiffs,

v.

JAMES A. LUSTIG, *et al.*,

      Defendants.

---

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO RESTRICT ACCESS TO UN-REDACTED VERSIONS OF EXHIBITS 3 THROUGH 14 TO THE AMENDED CONSOLIDATED COMPLAINT AT DOCUMENT RESTRICTION LEVEL 1**

---

Plaintiffs Detroit Street Partners, Inc. and Birchwood Resources Inc. ("Plaintiffs"), by and through undersigned counsel, hereby move this Court for entry of an order to restrict access to the un-redacted versions of certain exhibits (Exhibits 3 through 14) to the Amended Consolidated Complaint and Jury Demand (ECF No. 83) (the "ACC") at a "Level 1" Restriction, and in support thereof state as follows:

1. This motion (the "Motion") relates to Exhibits 3 through 14 to the ACC that were previously filed with certain redactions. Plaintiffs now seek to file the un-redacted versions of each of those exhibits with the Court as restricted pursuant to D.C.COLO.LCivR 7.2. Plaintiffs seek a Level 1 restriction.

2. Specifically, Plaintiffs seek to file as restricted the un-redacted versions of:

   a. Exhibit 3 (previously filed, with redactions, as ECF No. 83-3) ("Exhibit 3") (affidavit of a non-party witness as to certain conduct, including personal identifying information);

   b. Exhibit 4 (previously filed, with redactions, as ECF No. 83-4) ("Exhibit 4") (Gain / Loss Report);

   c. Exhibit 5 (previously filed, with redactions, as ECF No. 83-5) ("Exhibit 5") (IPO Purchase Certificate);

   d. Exhibit 6 (previously filed, with redactions, as ECF No. 83-6) ("Exhibit 6") (CLFS Equities, LLLP Invoice);

   e. Exhibit 7 (previously filed, with redactions, as ECF No. 83-7) ("Exhibit 7") (Gain / Loss Report);

   f. Exhibit 8 (previously filed, with redactions, as ECF No. 83-8) ("Exhibit 8") (IPO Purchase Certificate);

   g. Exhibit 9 (previously filed, with redactions, as ECF No. 83-9) ("Exhibit 9") (CLFS Equities, LLLP Invoice);

   h. Exhibit 10 (previously filed, with redactions, as ECF No. 83-10) ("Exhibit 10") (IPO Purchase Certificate);

   i. Exhibit 11 (previously filed, with redactions, as ECF No. 83-11) ("Exhibit 11") (CLFS Equities, LLLP Invoice);

   j. Exhibit 12 (previously filed, with redactions, as ECF No. 83-12) ("Exhibit 12") (Gain / Loss Report);

   k. Exhibit 13 (previously filed, with redactions, as ECF No. 83-13) ("Exhibit13") (IPO Purchase Certificate); and

   l. Exhibit 14 (previously filed, with redactions, as ECF No. 83-14) ("Exhibit 14" and, collectively with Exhibits 3-13, the "Relevant Exhibits") (CLFS Equities, LLLP Invoice).

3. Pursuant to D.C.COLO.LCivR 7.1(a), the undersigned has conferred with counsel for all Defendants, each of whom has given the undersigned permission to represent to the Court that this present motion is not opposed by the Defendants.

4. The Motion arises from a request by counsel to Defendants James A. Lustig, JAL Ventures Corporation, CLFS Equities, LLLP, and United Capital Management, Inc. (the "Lustig Defendants") to obtain access to the un-redacted version of *all* of the exhibits to the ACC. Counsel for the parties thereafter met and conferred on the issue.

5. Plaintiffs' counsel explained to counsel for the Lustig Defendants that certain personally identifying information in the exhibits to the ACC had been redacted in order to protect the individuals whose records are included in those exhibits against threats from Mr. Lustig and his associates and agents. Counsel to the Lustig Defendants stated that they need un-redacted versions of the exhibits in order to properly prepare their response to the ACC. Plaintiffs' counsel strongly disagreed with that assertion, but nonetheless, in an effort to avoid a dispute, sought and received permission from the individuals whose records are included in the Relevant Exhibits to

provide the Lustig Defendants' counsel with un-redacted versions of those exhibits. The unredacted versions of the Relevant Exhibits were provided to the Lustig Defendants' counsel with the agreement that they not be publicly shared by the Lustig Defendants or their counsel. Plaintiffs and the Lustig Defendants agreed that the unredacted versions of the Relevant Exhibits should also be filed with the Court along with a request that they be treated with Level 1 restriction under D.C.COLO.LCivR 7.2.[1]

6.  As noted above, Exhibit 3 is a declaration of a non-party containing sensitive personal financial and identifying information. This declaration includes factual details regarding the racketeering enterprise engineered and controlled by defendant James Lustig. All of the other Relevant Exhibits, *i.e.*, Exhibits 4 through 12, are sensitive financial documents including Gain / Loss Reports (Exhibits 4, 7, and 12); IPO Purchase Certificates (Exhibits 5, 8, 10, and 13); and CLFS Equities, LLLP invoices (Exhibits 6, 9, 11, and 14). The publicly filed versions of these documents were redacted to remove only the names of the individuals to which they relate, as well as other personally identifying information. Disclosure of such personal and intimate financial dealings to the public may cause economic harm to the non-party witness whose private information is at issue. This is particularly true in a case in which threats have already been made, and multiple parties are interested, in one way or another, in the case. The documents referenced contain detailed information relating to securities trades, profits and losses, and information

---

[1] Plaintiffs and the Lustig Defendants were not able to reach agreement with respect to Restricted Corrected Exhibit A, Exhibit 1, and Exhibit 2 to the ACC (the "Level 2 Exhibits"). The non-parties whose information is included in the Level 2 Exhibits would only consent to Plaintiffs providing unredacted versions of them to the Lustig Defendants' counsel on an "attorneys' eyes only" basis, and Plaintiffs offered to do this, but counsel to the Lustig Defendants rejected the offer, insisting that Mr. Lustig must be given access to the documents. Thus, on September 24, 2018, Plaintiff filed a separate motion to file unredacted versions of the Level 2 Uxhibits under Level 2 restriction. *See* ECF Nos. 102–06.

relevant to business processes and procedures, the disclosure of which may cause competitive disadvantage in the market place.

7. Pursuant to D.C.COLO.LCivR 7.2, this Court is permitted to restrict public access to filed documents where: (i) there is an interest to be protected which outweighs the public interest in such access; (ii) the movant can show a clearly defined and serious injury that would result if access is not restricted; and (iii) there is no alternative to restricted access. *See, e.g.*, *Rickaby v. Hartford Life & Accident Ins. Co.*, No. 15-cv-00813, 2016 U.S. Dist. LEXIS 53485, at *16 (D. Colo. Apr. 21, 2016). All of those requirements are met here.

8. "There is a presumption that documents essential to the judicial process are to be available to the public, but access to them may be restricted when the public's right of access is outweighed by interests which favor nondisclosure." *Id.* at *15–16. "'The decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.'" *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589 (1978)), *cert denied*, 474 U.S. 1022, 106 S. Ct. 576 (1985). And "[a]ccess has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598.

9. This Court has frequently held that potential economic harm is a sufficient reason to restrict access to a document. *See, e.g.*, *Health Grades, Inc. v. MDX Med., Inc.*, No. 11-cv-00520, 2014 U.S. Dist. LEXIS 200033, at *5 (D. Colo. Mar. 28, 2014) (granting a motion to restrict access to documents containing, in part, "financial information," finding that such information is "competitively sensitive" and that "public disclosure . . . would cause competitive damage to the parties."); *Healthtrio, Ltd. Liab. Co. v. Aetna, Inc.*, No. 12-cv-03229, 2014 U.S. Dist. LEXIS 169321, at *3 (D. Colo. Dec. 5, 2014) (finding that "the interests to be protected by restricting

- 6 -

access outweigh the presumption for public inspection" where the documents at issue contained "proprietary information that might lead to economic harm if available to [the movant's] competitors"); *W. Convenience Stores, Inc. v. Suncor Energy U.S.A., Inc.*, 970 F. Supp. 2d 1162, 1192 (D. Colo. 2013) (agreeing with movant that "a non-party . . . should not be forced to expose data that could conceivably compromise its competitive position . . ."). Moreover, courts are entitled to "insure that its records are not 'used to gratify private spite or promote public scandal.'" *Nixon*, 435 U.S. at 589 (quoting *In re Caswell*, 18 R.I. 835, 836, 29 A. 259 (1893)).

**WHEREFORE**, Plaintiffs pray for the entry of an order restricting access (Level 1) to the un-redacted versions of the Relevant Exhibits (Exhibits 3 through 14 to the ACC), together with such additional and further relief as the Court deems just and proper.

DATED: October 4, 2018

Respectfully submitted,

/s/ Lisa M. Coyle

**ROBINS KAPLAN LLP**
Craig Weiner
Ronald J. Schutz
Lisa M. Coyle
399 Park Avenue, Suite 3600
New York, NY 10022-4690
Telephone: 212 980 7400
Facsimile: 212 980 7499
CWeiner@RobinsKaplan.com
RSchutz@RobinsKaplan.com
LCoyle@RobinsKaplan.com

**SANDERS LAW FIRM**
Perry R. Sanders, Jr.
Rob Frank
Justin T. Bailey
David W. Hannum
31 N. Tejon Street
Suite 400
Colorado Springs, CO 80903
719/630-1556
719/630-7004
perry@scclaw.net
rob@rjflaw.com
Justin@PerrySandersLaw.com
David@PenySandersLaw.com

*Attorneys for Plaintiffs Detroit Street Partners, Inc. and Birchwood Resources Inc.*

## CERTIFICATE OF SERVICE

I, Lisa M. Coyle, certify that on the 4th day of October, 2018, I caused a true and correct copy of the foregoing PLAINTIFFS' MOTION FOR LEAVE TO RESTRICT ACCESS TO UN-REDACTED VERSIONS OF EXHIBITS 3 THROUGH 14 to the AMENDED CONSOLIDATED COMPLAINT AT DOCUMENT RESTRICTION 1 to be served via this Court's Electronic Case Filing system upon counsel for all parties.

DATED:  October 4, 2018                           Respectfully submitted,

                                                  /s/ Lisa M. Coyle
                                                  Lisa M. Coyle